IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Edmound L. Coutney, Jr., | ) CASE NO. 1:18 CV 1241 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| Kia of Bedford, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

*Pro se* Plaintiff Edmound L. Courtney, Jr., has filed an *in forma pauperis* "Complaint for Interpleader and Declaratory Relief" pursuant to 28 U.S.C. § 1335. (Doc. No. 1.) The complaint names four defendants: Kia of Bedford and its "Agent/Authorized Representative" Michael Midcap, both located in Ohio; and Brett A. Roberts and Steven M. Jones, the CEO and President of Credit Acceptance Corporation, both located in Michigan. While the plaintiff's allegations are sparse and unclear, he purports to challenge the enforcement of a promissory note he signed in connection with a 2014 Ford Fusion four door black sedan. He contends he is in possession of that vehicle because he is the "holder in due course," that the defendants claim entitlement to it "by fraud, failure to disclose, and illegal conversion," and that the promissory note is a "fraudulent contract." (*Id.* at 6.) In his form interpleader complaint, he has checked boxes indicating he seeks an order that each defendant be restrained from instituting an action against him for recovery of the vehicle, and that they be required to interplead and settle among themselves their rights to the property and that he be discharged from liability. (*See id.*)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required, under 28 U.S.C. §1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)). Additionally, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their own jurisdiction. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

The plaintiff's complaint must be summarily dismissed because his allegations, even liberally construed, are insufficient to suggest he has any plausible claim over which this Court may grant him relief. The claims for "fraud, failure to disclose, . . . illegal conversion of property" and "fraudulent contract" alleged on the face of the plaintiff's complaint are purely state-law claims over which this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. The complaint on its face indicates that the citizenship of the parties is not completely diverse, and his allegations do not demonstrate that the amount in controversy exceeds $75,000.

In addition, the plaintiff's claims are not properly asserted in a federal interpleader action. "Interpleader is a procedural device which entitles a person holding money or property, concededly

belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E. D. Ky. 2011), citing *White v. Fed. Deposit Ins. Corp.*, 19 F.3d 249, 251 (5th Cir. 1994 ). An interpleader action is designed to protect a "stakeholder" from the risk of loss associated with multiple claims, and to relieve the stakeholder from assessing which of those claims has merit. *See Allstate Life Ins. v. Short*, No. 2: 04 CV 1111, 2005 WL 1972551, at *2 (S.D. Ohio 2005).

The plaintiff is not asserting that the defendants have competing claims for the same property (his vehicle). In fact, his allegations do not suggest he contends any of the defendants have a valid claim to it. Rather, his allegations suggest he contends he has been defrauded by the defendants in connection with a promissory note he signed relating to the vehicle and that the defendants have illegally converted it.

These are not the kind of claims the federal interpleader statute is designed to address. *See, e.g., U.S. v. High Technology Products, Inc.*, 497 F.3d 637 (6th Cir. 2007) (interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding).

Furthermore, a statutory interpleader action requires a deposit by the plaintiff of the stake claimed or a bond to ensure the plaintiff's compliance with the court's future order. *See Mudd*, 786 F. Supp.2d at 1241. The plaintiff has not deposited with the court an amount to cover a future judgment or provided a bond to ensure his compliance with a judgment.

Principles requiring generous construction of *pro se* pleadings are not without limits, and district courts are not required "to conjure up questions never squarely presented to them" or to

"construct full blown claims from sentence fragments" because, to do so, would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir.1985). The plaintiff's complaint on its face fails to state any plausible claim on which this Court may grant him relief.

### Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his complaint for interpleader and declaratory relief is dismissed pursuant to 28 U.S.C. § 1915(e). This dismissal is without prejudice to any valid state-law claim the plaintiff may assert against the defendants in a proper forum. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018